UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. JUAN HONG, A Law Corp, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> NEWPORT SENSORS, INC; et al., <br><br> Defendants-Appellees. | No.    16-55851 <br><br> D.C. No. <br> 8:13-cv-01164-JLS-JPR <br> Central District of California, <br> Santa Ana <br><br> ORDER |

Before:  W. FLETCHER, BERZON, and OWENS, Circuit Judges.

The memorandum disposition filed on February 28, 2018, and reported at 2018 WL 1078946, is hereby amended.  The superseding amended memorandum disposition will be filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing and rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc is DENIED.

No further petitions for panel rehearing or petitions for rehearing en banc will be entertained.

**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES ex rel. JUAN HONG, A Law Corp, | No. 16-55851 |
| Plaintiff-Appellant, | D.C. No. 8:13-cv-01164-JLS-JPR |
| v. | |
| NEWPORT SENSORS, INC; et al., | AMENDED MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 5, 2018
Pasadena, California

Before: W. FLETCHER, BERZON, and OWENS, Circuit Judges.

Relator Juan Hong, A Law Corporation ("Relator") appeals from the

dismissal of his *qui tam* False Claims Act ("FCA") suit against the engineering

firm Newport Sensors, Inc. and its founder, Dr. Maria Q. Feng (together,

"Newport"). The district court granted Newport's motion to dismiss on the ground

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that Relator's claims were barred by the FCA's jurisdictional public-disclosure bar. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in taking judicial notice of the seven documents that Newport submitted to demonstrate public disclosure. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute," either "because it is generally known within the court's territorial jurisdiction," or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Notably, Newport requested—and the district court granted—judicial notice of the seven documents "not for the truth of the information" contained within them, but "merely to show that [the] information was publicly available." While Relator challenges the accuracy of Dr. Feng's faculty profile from the website of the University of California, Irvine ("UC Irvine"), he does not dispute the authenticity of the website itself, nor does he dispute Newport's suggestion that the profile was publicly available on that site. Accordingly, the *fact of the seven documents' public availability* was not disputed by the parties nor "subject to reasonable dispute," and so the district court did not abuse its discretion in taking judicial notice of that fact. *Cf. Daniels-Hall v. Nat'l*

*Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Even assuming the seventh document, the SEC filing, was improper evidence raised for the first time in a reply, *cf. Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), the other six documents adequately support Newport's argument: that public documents revealed Dr. Feng's role at Newport Sensors, Inc., and her simultaneous employment as a professor at UC Irvine. Accordingly, if the district court erred in taking judicial notice of the SEC filing, that error was harmless.[1]

2. The district court correctly found that Relator's claims were "based upon" publicly disclosed transactions, justifying dismissal for lack of subject-matter jurisdiction. *See United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570–74 (9th Cir. 2016).

At all times relevant, the FCA prohibited "knowingly present[ing], or caus[ing] to be presented, . . . a false or fraudulent claim for payment or approval; [or] knowingly mak[ing], us[ing], or caus[ing] to be made or used, a false record or statement to get a false or fraudulent claim paid or approved" by the federal government. 31 U.S.C. § 3729(a)(1), (2) (2006). To weed out FCA claims not

---

[1] Relator further argues that the district court erred in taking judicial notice of those documents because the declaration of Newport's counsel, to which the first six documents are attached, fails to state that the statements within are "true and correct." The district court rejected this argument because the declaration is properly sworn and certified. This was not an abuse of discretion.

based on genuine whistleblower information, the FCA contains a "public-

disclosure bar" that requires dismissal of any claim grounded on publicly available

information, such as a government report or a news article. *See Graham Cty. Soil*

*& Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 294–95

(2010). As enacted in 1986,[2] the public-disclosure bar provides that

> No court shall have jurisdiction over an action under this
> section based upon the public disclosure of allegations or
> transactions in a criminal, civil, or administrative hearing,
> in a congressional, administrative, or Government
> Accounting Office report, hearing, audit, or investigation,
> or from the news media, unless the action is brought by the
> Attorney General or the person bringing the action is an
> original source of the information.

Pub. L. No. 99-562, 100 Stat. 3153, 3157 (1986) (codified as amended at 31 U.S.C.

§ 3730(e)(4)(A)).

Relator's claim is "based upon" the allegedly fraudulent "transaction"

disclosed in the seven judicially-noticed documents—that is, that Dr. Feng was

simultaneously employed as a professor at UC Irvine and as the principal

investigator at Newport Sensors, Inc. *See Raytheon*, 816 F.3d at 570–73. On

---

[2] Though the public-disclosure provision was amended by the Patient Protection and Affordable Care Act in 2010, Pub. L. No. 111-148, 124 Stat. 119 (2010); *see also United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1123 n.1 (9th Cir. 2015) (en banc), the district court applied the pre-2010 version. On appeal the parties do not dispute that the pre-2010 version applies to the claims in this case. Accordingly, we assume for purposes of this appeal that the pre-2010 version applies.

appeal, Relator argues that he introduced the undisclosed information that Dr. Feng "knowingly" submitted the allegedly fraudulent application. But Dr. Feng's state of mind was publicly evident from her certification of compliance with the federal grant requirements—and in any event, Relator forfeited this argument by failing to raise it to the district court in opposition to Newport Sensors, Inc.'s motion to dismiss his second amended complaint.

Finally, Relator argues that the UC Irvine webpage cannot qualify as "news media," one of the designated channels for public disclosure under the FCA, because the webpage's disclaimer renders it too unreliable to come within that category. We have already rejected that argument. Relator does not independently challenge the district court's broad holding that most public webpages, including the UC Irvine faculty profile, generally fall within the category of "news media." Accordingly, we do not address that argument here. *See Loher v. Thomas*, 825 F.3d 1103, 1120 (9th Cir. 2016).[3]

**AFFIRMED.**

---

[3] Relator also raises several technical challenges to the district court's order: that Newport's "Notice of Motion and Motion to Dismiss and Strike" fails to "state with particularity" Newport's public-disclosure argument; that this same Notice mislabels the declaration submitted in support of Newport's motion to dismiss; and that Newport failed to cite Federal Rule of Evidence 12(b)(1) in its motion to dismiss, despite the jurisdictional nature of the pre-2010 public-disclosure bar. The district court rejected these arguments, and as Relator has alleged no prejudice resulting from the mistakes or the district court's acceptance of them, none warrants reversal.